**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Lathan HARRINGTON,
Defendant/Appellant.**

**No. ED 95688.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 8, 2011.

Gwenda Reneé Robinson, District Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

PER CURIAM.

Defendant, Lathan Harrington, appeals from a judgment entered on a jury verdict finding him guilty of two counts of first-degree statutory rape, in violation of section 566.032 RSMo (2000);[1] four counts of first-degree statutory sodomy, in violation of section 566.062; first-degree child molestation, in violation of section 566.067; second-degree statutory rape, in violation of section 566.034; two counts of second-degree statutory sodomy, in violation of section 566.064; three counts of misdemeanor sexual misconduct, in violation of 566.090; and misdemeanor second-degree child molestation, in violation of section 566.068. The trial court sentenced him to twenty-three years' imprisonment on the two first-degree statutory rape counts and on the four first-degree statutory sodomy counts, fifteen years' imprisonment on the child molestation count, seven years' imprisonment on the second-degree statutory rape count and on the two second-degree statutory sodomy counts, and one year incarceration on the three misdemeanor sexual misconduct counts and on the misdemeanor second-degree child molestation count, all sentences to be served concurrently.

On appeal, defendant challenges the sufficiency of the evidence of (1) statutory sodomy in the first degree (Count VI), (2) two counts of statutory sodomy in the second degree (Counts VIII and IX), and (3) child molestation in the first degree (Count VII).[2] He also asserts plain error in the verdict-directing instructions on child molestation in the first degree (Count VII) and child molestation in the second degree (Count XIV). He does not challenge his convictions on Counts I, II, III, IV, V, X, XII, and XIII.

The state concedes the insufficiency of the evidence on Count VII, child molestation in the first degree, as argued in defendant's second point. Accordingly, we reverse that part of the judgment finding defendant guilty of child molestation in the first degree as charged in Count VII. Since we are reversing the conviction on Count VII for insufficient evidence, that part of defendant's fifth point that asserts plain error in the verdict directing instruction on Count VII is moot.

With respect to defendant's remaining points, no error of law appears, and no jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the reasons for this order.

*Conclusion*

That part of the judgment finding defendant guilty of child molestation in the first degree is reversed. The remainder of the judgment is affirmed in accordance with Rule 30.25(b).

---

1. All statutory references are to RSMo (2000), unless otherwise noted.

2. After the trial court entered a judgment of acquittal on Counts VIII and X, Counts IX through XVI were renumbered as Counts VIII through XIV. In this opinion, we refer to Counts VIII through XIV as renumbered.